EN BANC CAUSE NO. 2008-CR-3999 W-W2, 81,987-02

| | | |
|---|---|---|
| EX PARTE: | § | IN THE DISTRICT COURT |
| CARY ALLEN SIMMANG | § | 227TH JUDICIAL DISTRICT |
| APPLICANT: TDCJ #1580666 | § | BEXAR COUNTY, TEXAS, 78205 |
| ADDRESS | § | (AND) |
| CLEMENTS UNIT | § | IN THE DISTRICT COURT |
| 9601 SPUR 591 | § | 144TH JUDICIAL DISTRICT COURT |
| AMARILLO, TEXAS, 79107-9606 | § | BEXAR COUNTY, TEXAS, 78205 |
| | § | (AND) |
| | § | COURT OF CRIMINAL APPEALS |
| | § | P.O. BOX 12308 CAPITOL STATION, |
| | § | AUSTIN, TEXAS, 78711 |

RECEIVED IN
COURT OF CRIMINAL APPEALS
OCT 12 2015
Abel Acosta, Clerk

APPLICANTS FINDINGS OF COURTS INCORRECT STATEMENT
AND RULINGS FOR PETITION WRIT OF HABEAS
CORPUS 11.07 IS INCORRECT AND UNJUSTIFIED
HARM IS FOUND.

TO THE HONORABLE JUDGE OF SAID COURTS

Now Comes CARY ALLEN SIMMANG; Tr. Ct No. 2008 CR 3999 W-W2
WR-81,987-02 APPLICANT FOR 11.07 WRIT.

Finding greivias fault in response to WRit 11.07.
"Statement of the Case #II shows wrongful accusation
of "Murder"

Applicant has Never been accused or found guilty
of "Murder" in any state, or of the World.

Please see exhibit #1 Circled (#II statement of Case)
This has prejudiced the Courts findings and proved harm.

Page 1

Rehearing should be granted and applicant released Due to the findings of "Law", As Stated iN WRit 11.07 TR. Ct. NO. 2008 CR 3999 W-W2. And also to persuant T.R.A.P. Rule 76 + 79 + 77.1 + 77.2 + 79.5 Submissions of EN BANC

## EXHIBIT #II
## HISTORY OF THE CASE

This Legal Court document exhibit #II shows NO Offense of "Murder, NO. 2008-CR-3999W-W2 but lacks the trail by jury wich applicant was not found guikty, applicant to this day reassures his iNNocents.

But found guilty of an infraction of defered adjudication Wich has Nothing to due with the Case. And still assurts his iNNocense.

But asks these HONORABLE COURTS to uphold their oath of Law

As stated iN previous 11.07 the maximum of incarseration should have not exceeded 5 yrs.

Applicant ask's the Honorable Courts to uphold the Law and Oath's set fourth by Constitution, Legislation, Court of Criminal appeals, TExas Rules of App- proc., penal codes and all governMent Codes etc... that make this great NatioN.

## #III

Every ground iN 11.07 WRit was taken directly from Law books + codes + C.C.p. and are "facts of Law" these facts are of these laws that govern the United States and are proof to every statement + GROUNDS

Page 2

iN 11.07 WRit and are of "facts of the Law's" that Need to be upheld and find for the applicant Habeas Corpus, of 5yrs, and time Served as "FACTUAL LAW".

## IV PRAYER

Applicant has proved harm and prejudice and EN BANC Should be granted; as to evidence Shown for Exhibit#1 and backed by Exhibit #II.

These are facts of Legal printed Court Copies. applicant prays for releif as time Served and Courts to properly Sentence to 5yrs. Maximum as Stated by "facts of Law" in 11.07 WRit No. 2008-CR-3999-W2.

There is No denial, as these have been printed facts of Law and Legal printed documents and applicant has Shown proof of Same in previous 11.07 WRit

Applicant denies ever being Convicted or Charged with any type of Said Charges the Courts have errored in this Statement of "Murder Charge/Conviction".

Applicant CARY ALLEN SIMMANG Should be granted Heabeas Corpus releif and Sentence to be Corrected to 5yrs max. and released as time Served.

CAUSE NO. 2008-CR-3999W-W2

EX PARTE:

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY

2015 AUG 20  A 11: 27

DEPUTY

BY_____

IN THE DISTRICT COURT

CARY ALLEN SIMMANG

144TH JUDICIAL DISTRICT

APPLICANT

BEXAR COUNTY, TEXAS

## STATE'S RESPONSE TO APPLICANT'S PETITION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now the State of Texas by and through its Criminal District Attorney, Nicholas "Nico" LaHood, and files this response to the Applicant's Petition for Writ of Habeas Corpus.

### I. Habeas Writ Filed

The Applicant Cary Allen Simmang filed this petition for a post-conviction writ of habeas corpus pursuant to art. 11.07, § 3(a), Texas Code of Criminal Procedure. The State files this mandatory answer pursuant to art. 11.07 § 3(b).

### II. Statement of the Case          WRONG!

The Applicant was convicted of the offense of Murder in Cause No. 2008-CR-3999W and punishment was assessed at confinement for 40 years. His petition for a writ of habeas corpus was filed on August 3, 2015. The State was served by the District Clerk of Bexar County on August 5, 2015.

### III. State's General Denial

The State generally and specifically denies each and every allegation of fact made by the Applicant and demands strict proof of same.

Exhibit 1

1 of 2

# CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the State would ask that the trial court enter an ORDER recommending the relief be denied.

Respectfully submitted,

**NICHOLAS "NICO" LAHOOD**
Criminal District Attorney
Bexar County, Texas

JAY BRANDON
Assistant Criminal District Attorney
Bexar County, Texas
Paul Elizondo Tower
101 W. Nueva
San Antonio, Texas 78205
SBN: 02880500
(210) 335-2418
(210) 335-2436-FAX

*Attorneys for the State*

# CERTIFICATE OF SERVICE

I, Jay Brandon, Assistant Criminal District Attorney, Bexar County, Texas, certify that a true and correct copy of the foregoing response will be mailed to Cary Allen Simmang, Clements Unit, 9601 Spur 591, Amarillo, Texas, 79107, on this the 13th day of August, 2015.

JAY BRANDON

2 of 2

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT |
| | § | **227TH** JUDICIAL DISTRICT |
| **CARY ALLEN SIMMANG** | § | BEXAR COUNTY, TEXAS |

## ORDER

Applicant, **Cary Allen Simmang**, has filed a *pro se* application for post-conviction writ of habeas corpus pursuant Article 11.07 of the Texas Code of Criminal Procedure, collaterally attacking his conviction in cause number **2008-CR-3999W.** (West 2014).

## HISTORY OF THE CASE

On May 12, 2008, pursuant to a plea bargain agreement, Applicant pleaded *nolo contendere* to two counts of injury to a child (causing serious mental impairment). On August 4, 2008, Applicant was placed on deferred adjudication community supervision for a period of ten years and fined $1,500. On May 20, 2009, the State moved to adjudicate guilt and revoke Simmang's community supervision after he failed to comply with the terms of his community supervision. A hearing was held on June 12, 2009. Applicant's probation was revoked, and he was adjudicated guilty and sentenced to forty years the Texas Department of Criminal Justice – Institutional Division and fined $1500. Applicant filed notice of appeal and on June 9, 2010, the judgment of the trial court was affirmed. (*04-09-00563*). Applicant's petition for discretionary review was refused and mandate issued November 19, 2010.

Applicant's first writ application was denied without a written order on the trial court's findings without a hearing on September 24, 2014. (*WR-81,987-01*). Applicant filed this second writ application on August 3, 2015. A copy of this application was received by the District Attorney on August 5, 2015.

Exhibit #II

1

## ALLEGATIONS OF APPLICANT

In Ground One Applicant alleges that his rights to a "trial by jury and punishment" were violated. He claims he did not sign a jury waiver and therefore his sentence is illegal. Applicant asserts that the maximum sentence that could have been imposed was 5 years. He claims to have found newly discovered evidence and asks that his sentence be corrected to 5 years and he be released for time served.

In Ground Two Applicant claims there was a sentencing error. He asserts the maximum legal sentence he should have received is 10 years.

In Ground Three Applicant asserts "motion for mistrial/time served." He claims the court committed error when un-negotiated terms were added to the plea bargain.

In Ground Four Applicant alleges ineffective assistance of counsel. He claims counsel's blind acceptance of plea practices in the district courts shows harm and prejudice towards Applicant. Applicant asserts the maximum sentence imposed should have been 5 years.

In Ground Five Applicant asserts "void punishment." Applicant claims he was entitled to have a jury assess his punishment. He claims the sentence is void because the punishment was not authorized.

In Ground Six Applicant alleges prosecutorial misconduct in the sentencing stage of the trial. He claims the prosecution failed to understand the proper punishment range fixed by the Legislature, causing the judge to enter a void judgment beyond the maximum of 5 years.

In Ground Seven Applicant alleges minimum sentencing was violated. He claims the agreement was for 10 years community supervision and therefore the maximum sentence should not have exceeded 10 years imprisonment.

In Ground Eight Applicant alleges a violation of the procedural rule of sentencing.

In Ground Nine Applicant asserts he is entitled to a new sentencing hearing because due process was violated. He claims his sentence is illegal because his punishment exceeds that set by the Legislature.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. At the outset, this Court believes that Applicant's writ application does not strictly comply with the Texas Rule of Appellate Procedure 73.1. Therefore, the Texas Court of Criminal Appeals may choose to dismiss the application for that reason.

2. However, to the extent the merits of the application are going to be addressed, this Court makes the following findings and conclusions.

3. Applicant's first writ application was denied by the Court of Criminal Appeals on September 24, 2014. (*WR-81,987-01*). The trial court's recommendation in the first writ application was made after an assessment of the merits of the application. The denial without a hearing by the Court of Criminal Appeals was based upon the trial court's findings.

4. This Court does not have jurisdiction to consider the merits of a subsequent application for writ of habeas corpus unless the application contains sufficient specific facts establishing that (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt. TEX. CODE CRIM. PROC. art. 11.07, § 4(a)(1) (West 2012).

5. A factual basis of a claim is "unavailable" under Subsection (a)(1) "if the factual basis was not ascertainable through the exercise of reasonable diligence on or before that date,"

3

and reasonable diligence "suggests at least some kind of inquiry has been made into the matter of the issue." *Ex parte Lemke*, 13 S.W.3d 791, 794 (Tex.Crim.App.2000).

6. The trial court cannot discern the "new evidence" Applicant is claiming that would entitle him to relief on this second writ application.

7. Moreover, the court finds that Applicant has failed to raise any "new evidence" that supports relief in this case. The Court of Criminal Appeals has held that "when an applicant asserts a Herrera-type [actual innocence] claim based on newly discovered evidence, the evidence presented must constitute affirmative evidence of the applicant's innocence." *Ex parte Franklin*, 72 S.W.3d 671, 678 (Tex.Crim.App.2002). The court finds that Applicant has not met his burden of presenting newly discovered affirmative evidence of his innocence.

8. This Court finds that Applicant's allegations in this writ application could have been presented in his previously filed writ application. Therefore, Applicant is not entitled to relief on this second writ application. TEX. CODE CRIM. PROC. art. 11.07, § 4(a)(1) (West 2014).

9. Based on the foregoing findings of fact and conclusions of law, it is hereby recommended that this application be **DISMISSED**.

4

## ORDERS

The District Clerk of Bexar County, Texas, is hereby ordered to prepare a copy of this document, together with any attachments and forward the same to the following persons by mail or the most practical means:

a. The Court of Criminal Appeals
Austin, Texas 78711

b. Nicholas LaHood
Criminal District Attorney
Paul Elizondo Tower
Bexar County, Texas 78205

c. **Cary Allen Simmang**
**TDCJ No. 01580666**
**Clements Unit**
**9601 Spur 591**
**Amarillo, Texas 79107-9606**

SIGNED, ORDERED and DECREED on _____.

_____
**JUDGE KEVIN M. O'CONNELL**
227TH Judicial District Court
Bexar County, Texas